# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD JENKINS, JR. et al.,** *Plaintiffs,* v. **GREG PARKER et al.,** *Defendants.* | **CIVIL ACTION** **NO. 22-4697** |

## MEMORANDUM

**Baylson, J.**                                                                       **January 8, 2025**

The underlying disputes in this action were long ago settled on April 3, 2023, and the Court at that time dismissed this case with prejudice. ECF 9. Plaintiffs Richard Jenkins, Jr. and Jenkins Wealth LLC ("Plaintiffs") seek to revive this closed case by bringing a fifth motion to enforce the parties' settlement agreement, alleging that Defendants have breached the settlement contract. However, the Supreme Court in Kokkonen v. Guardian Life Insurance Company of America forecloses such a possibility because "the facts to be determined in the principal suit" are "quite separate" from "[t]he facts to be determined with regard to such alleged breaches of contract." 511 U.S. 375, 381 (1994).

Because Plaintiffs have not carried their burden of showing that this Court has subject matter jurisdiction to hear the parties' disputes over enforcement of the settlement agreement, the Court will **DENY** Plaintiffs' Motion, but without prejudice to Plaintiffs bringing a separate action in state court to enforce the settlement agreement. The Court will also **VACATE** its prior Order on November 8, 2024 (ECF 40) retaining jurisdiction over this matter through March 3, 2025.

I.  **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

The Court will recite only those facts and procedural history relevant to Plaintiffs' instant motion to enforce the settlement agreement.

Plaintiffs filed a complaint against Greg Parker, Danielle Morris Parker, Shawn Butler, Cicily Hawes, AP Capital, LLC, and Diamante Enterprises LLC ("Defendants") on November 23, 2022.  Compl., ECF 1.  Before Defendants answered the Complaint, the parties reached a settlement.  Plaintiffs accordingly filed a notice of voluntary dismissal, and the Court dismissed the case with prejudice on April 3, 2023, pursuant to Local Rule 41.1(b).  ECF 9.  Plaintiffs did not request that the Court retain jurisdiction over the case, and the Court's order of dismissal does not incorporate the terms of the settlement agreement.

After the case was already closed, Plaintiffs filed a motion to enforce the settlement agreement on June 9, 2023, alleging that Defendants purportedly breached the contract by failing to make their required payments under the terms of the settlement agreement.  ECF 10.  On June 18, 2023, one of the Defendants, Diamante Enterprises LLC, filed for bankruptcy and the Court stayed Plaintiffs' Motion.  ECF Nos. 11, 13.  On March 12, 2024, the Court lifted the stay as to Defendants Greg Parker, Danielle Morris Parker, Shawn Butler, and AP Capital LLC.  ECF 19.

Since that time, Plaintiffs have made multiple subsequent motions to enforce the settlement agreement.

1. On March 14, 2024, Plaintiffs filed a second motion to enforce the settlement agreement against Defendants Greg Parker, Danielle Morris Parker, Shawn Butler, Cicily Hawes, and AP Capital LLC.  ECF 21.  The Court granted Plaintiffs' Motion on April 8, 2024.  ECF 23.

2. On May 2, 2024, Plaintiffs filed their third motion to enforce against Defendants Greg Parker, Danielle Morris Parker, Shawn Butler, Cicily Hawes, and AP Capital LLC.  ECF 27.

2

The Court held a hearing on May 13, 2024, and the parties reached a stipulation (approved by the Court) whereby the Defendants were ordered to make scheduled payments. ECF 32.

3. On July 26, 2024, Plaintiffs filed their fourth motion to enforce. ECF 34. This time, Plaintiffs dropped Defendant Shawn Butler and only sought enforcement against Defendants Greg Parker, Danielle Morris Parker, Cicily Hawes, and AP Capital LLC. Id. The Court held a hearing on September 11, 2024 and sanctioned these Defendants $100 per day until they purge their contempt of the Court's May 13, 2024 Order. ECF 37.

Presently before the Court is Plaintiffs' Fifth Motion to Enforce Settlement Agreement (ECF 39), filed on November 8, 2024. Plaintiffs' fifth Motion asks the Court to order that Defendants Greg Parker, Danielle Morris Parker, and Cicily Hawes be confined for an indeterminate period until they purge their contempt, or alternatively that the Court sanction Defendants Greg Parker, Danielle Morris Parker, Cicily Hawes, and AP Capital LLC $1,000 per day. ECF 39.

On December 3, 2024, the Court *sua sponte* raised the issue of subject matter jurisdiction and ordered Plaintiffs to file a supplemental legal memorandum addressing the basis for the Court's subject matter jurisdiction. ECF 44. *Pro se* Defendants Greg Parker, Danielle Morris Parker, and Cicily Hawes were ordered to respond within fourteen days of Plaintiffs filing their memorandum. Id. Plaintiffs filed their four-page memorandum on December 11, 2024. ECF 46. *Pro se* Defendants did not respond.

## II. LEGAL STANDARD

"It is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case." GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 34 (3d Cir. 2018). District Courts have original jurisdiction over an action where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ... citizens of

3

different States." 28 U.S.C. § 1332(a)(1). Such jurisdiction requires complete diversity, meaning that "no plaintiff [may] be a citizen of the same state as any defendant." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) (citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005)). If a District Court lacks subject matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Gibson v. Tip Towing & Recovery LLC, 2024 WL 658977, at *1 (3d Cir. Feb. 16, 2024). This Court raises the issue of diversity jurisdiction *sua sponte*. Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995); see United States v. Sanofi-Aventis U.S. LLC (In re Plavix Mktg.), 974 F.3d 228, 232 (3d Cir. 2020).

### III. ANALYSIS

This case is guided entirely by the Supreme Court's decision in Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375, 381 (1994). In Kokkonen, the Supreme Court held that a district court may not exercise ancillary jurisdiction to enforce a settlement agreement in a case that has been dismissed unless the district court included a separate provision in the order of dismissal either expressly retaining jurisdiction over the settlement agreement or incorporating the terms of the settlement agreement into the order. Kokkonen, 511 U.S. at 380–82. The dismissal order here does neither. See ECF 9.

Kokkonen provides a third avenue for a district court to enforce a settlement agreement, namely if the court has "some independent basis for federal jurisdiction." Kokkonen, 511 U.S. at 382. Plaintiffs contend that there is diversity jurisdiction here. ECF 46 at 3–4. However, the Court finds that Plaintiffs have not made an adequate showing that the Court has subject matter jurisdiction to hear this dispute as part of the principal lawsuit.

#### A. **Plaintiffs Have Not Sufficiently Demonstrated Subject Matter Jurisdiction**

Plaintiffs assert that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because Plaintiffs are citizens of New Jersey, Defendants are citizens of Pennsylvania, and the amount in

4

controversy exceeds $75,000. ECF 46 at 4. However, Plaintiffs do not sufficiently show there is complete diversity, and the Court thus cannot satisfy its "independent obligation," Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76–77 (3d Cir. 2003), that it has subject matter jurisdiction.

*First*, Plaintiffs do not address the citizenship of two Defendants to the principal lawsuit. See Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015) (complete diversity requires that "no plaintiff [may] be a citizen of the same state as any defendant." (internal quotation marks and citation omitted)). While Plaintiffs assert Defendants Greg Parker, Danielle Morris Parker, Cicily Hawes, and AP Capital LLC all currently reside in Philadelphia, PA, ECF 46 at 4, there are two additional Defendants from the principal action whose citizenship Plaintiffs do not address: Shawn Butler and Diamante Enterprises LLC.[1]

*Second*, even if Shawn Butler's and Diamante Enterprises LLC's citizenship can be disregarded for this motion, Plaintiffs have not carried their burden of showing that Defendants Greg Parker and Danielle Morris Parker changed their New Jersey domicile. Because both Plaintiffs are New Jersey citizens, see ECF 46 ("Plaintiffs are citizens of New Jersey"), this Court cannot have subject matter jurisdiction if any Defendant is a citizen of New Jersey, Lincoln Ben. Life, 800 F.3d at 104. However, throughout the pendency of Plaintiffs' multiple motions to enforce the settlement agreement, Defendants' former counsel **and** Plaintiffs have listed Greg Parker's and Danielle Morris Parker's address in New Jersey. See Wood, 592 F.3d at 419 ("A natural person is deemed to be a citizen of the state where he is domiciled."). For instance, on April 9, 2024, Defendants' former counsel listed an address for Greg Parker and Danielle Morris Parker in Woolwich Township, NJ. ECF 24-3. Plaintiffs' own counsel certified that he served a

---

[1] Notably, Plaintiffs' first (ECF 10), second (ECF 21), and third (ECF 27) Motions to enforce were also brought against Shawn Butler.

copy of the instant fifth motion to enforce the settlement agreement on Greg Parker and Danielle Morris Parker at an address in Swedesboro, NJ.[2] ECF 39.  Plaintiffs have not presented the Court with any evidence other than an update in contact information made *after* Plaintiffs' instant motion was filed, to counter the "presumption favoring an established domicile over a new one." Washington v. Hovensa LLC, 652 F.3d 340, 344–45 (3d Cir. 2011) (internal quotation marks and citation omitted) (commenting that this presumption of existing domicile is an "important" "legal precept").

*Third*, Plaintiffs do not establish that there was complete diversity of citizenship when they filed their first motion to enforce the settlement agreement, or even when they filed their instant fifth motion to enforce.  Diversity jurisdiction is ordinarily "determined by examining the citizenship of the parties at the time the complaint is filed."  Midlantic Nat. Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995).  But Kokkonen instructs that in enforcing a settlement agreement, the Court cannot rely on the presence of diversity in the principal case.  Kokkonen, 511 U.S. at 378.  Here, Plaintiffs argue that Defendants Greg Parker, Danielle Morris Parker, Cicily Hawes, and AP Capital LLC are citizens of Pennsylvania based on updated contact information that certain of the individual Defendants only recently provided to the Court on December 9, 2024.  However, Plaintiffs' first motion to enforce the settlement agreement was filed over a year and a half prior to the update in contact information, and Plaintiffs' instant motion to enforce was filed a month prior on November 8, 2024.  ECF Nos. 10, 39.  As explained *supra*, at the time Plaintiffs filed the instant motion, Plaintiffs listed Greg Parker and Danielle Morris Parker's address in Swedesboro, NJ.  ECF 39 at 11.

---

[2] Plaintiffs' own filing is particularly compelling because the Court on April 29, 2024 ordered Defendants' counsel to provide all known contact information for each defendant to Plaintiffs' counsel.  ECF 26.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' Fifth Motion to Enforce Settlement Agreement (ECF 39) is **DENIED without prejudice** to Plaintiffs raising their breach of contract claims in state court.  The Court will additionally **VACATE** its November 8, 2024 Order retaining jurisdiction over this matter through March 3, 2025 (ECF 40).

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 22\22-4697 Jenkins et al v. Parker et al\22cv4697 Memo re dismissing case.docx